James **TIERNEY, et al., Plaintiffs**

v.

**CITY OF TOLEDO, et al., Defendants.**

No. C83–430.

United States District Court,
N.D. Ohio, W.D.

April 27, 1988.

---

R. Timothy Bauer, Toledo, Ohio, Glenn M. Taubman, Nat. Right Work Legal Defense Foundation, Inc., Springfield, Va., for plaintiffs.

Ralph J. Lewis, Ted Iorio, Christine Reaedon, Gallon, Kalniz & Iorio, Toledo, Ohio, for defendants.

## ORDER

JAMES G. CARR, United States Magistrate.

This is a civil rights action challenging the operation of the agency shop ordinance and agreement between the City of Toledo and its police patrolmens' union (TPPA). The parties have consented to entry of final judgment by the undersigned. An earlier judgment in favor of the union and City and the constitutionality of the procedures that had been established to protect the interests of nonmembers has been vacated and remanded by the Sixth Circuit. *Tierney v. City of Toledo*, 824 F.2d 1497 (6th Cir.1987).

Following remand, I ordered that proposed revisions be submitted. The union's proposal has been filed. In response, the plaintiffs have served a subpoena duces tecum upon the accountant who prepared an audit of the union's finances and requested additional time in which to respond to the union's proposal. The union objects to the plaintiffs' desire to take discovery of the accountant, and has filed a motion for a protective order.

Upon consideration of the parties' positions regarding the requested discovery in light of the Sixth Circuit's decision in *Tierney*, I am persuaded that discovery at this point is not appropriate and should not be allowed. The effort to take discovery, which is prefatory, according to the plaintiffs, to this Court's review and final approval of the parties' proposed revisions to the defendants' plan, reflects an expectation that this Court's role is broader and more intrusive than I believe that it should or can be under *Tierney*.

In that decision, the Sixth Circuit made clear that "it is not for us to rewrite the plan, which should essentially derive from the parties who must operate under it." Thus, the function of this Court, "is only to assure that any plan at least meets the minimum constitutional requirements under the First and Fourteenth Amendments." 824 F.2d at 1502.

The role of this Court is, therefore, to be more passive than active; at most it is to provide oversight at this initial stage of review and approval, and to refrain from and resist any tendency toward direct involvement in regulating the plan's imple-

mentation. Its function is to approve the structure, not supervise the plan's operation.

The request to take discovery at this preliminary stage and the possibility that that request, if granted, will lead to further disputes and opportunities for greater involvement by this Court raise the prospect of ever-increasing participation by the Court in the day-to-day, issue-to-issue operational activities as the plan is implemented. Such involvement by the Court is contrary to the role projected by the Sixth Circuit in *Tierney*. As important, it would be contrary to the fundamental policy that courts are to be at most minimally involved in labor disputes, and that extra-judicial means of dispute resolution—including primarily arbitration—are preferred.

Thus I believe that the request to take discovery as set forth by the plaintiffs represents an invitation to the Court to step across the line that demarcates its proper place in the dispute between the plaintiffs and defendants.

In addition to this general reservation about allowing the sort of discovery that plaintiffs seek at this point in this Court, I am also persuaded that their subpoena and deposition notice inappropriately seek to realign the sequence that should be followed. The first order of business is to formulate a constitutionally acceptable plan. Next, the plan should be put in place and operation. At that point the plaintiffs, if they disbelieve or are displeased with the auditor's allocations, can take their objections to arbitration.

This is neither the time, therefore, nor the place for addressing the challenges that the plaintiffs have to the mechanics and details of the auditor's work and product. What is needed here and now is good faith effort to devise a plan that protects the constitutional rights of the plaintiffs and serves the collective bargaining needs of the union and the patrolmen whom it represents.

To that end, the plaintiffs will be given ample time to prepare their response to the union's proposal; that shall be followed by a period for further negotiation. If at the end of that period an agreement has not been reached, a conference shall be held with the undersigned for the purpose of discussing the parties' respective positions and resolution of any dispute.

It is, accordingly,

ORDERED THAT

1. Defendants' motion to quash granted; plaintiffs' motion for discovery, to strike, and for fees denied;

2. Plaintiffs' motion for extension of time granted; plaintiffs to respond to defendants' proposal by June 3, 1988; parties thereafter to negotiate in good faith and to seek to reach an agreement re. plan; if no such agreement reached by June 27, 1988, parties to submit proposals, with statements in support re. disputed issues, by said date; conference, with all counsel to attend in person, set for Tuesday, July 5, 1988, at 10:30 a.m. before the undersigned.

3. Plaintiffs' motion for summary judgment held in abeyance pending review of parties' proposals re. plan.

So ordered.